# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Andrew Scott Perry,**
**Petitioner Below, Petitioner**

**FILED**

June 7, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 12-0941** (Wayne County 10-C-178)

**David Ballard, Warden,**
**Mt. Olive Correctional Complex,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Andrew Scott Perry, by counsel A. Courtenay Craig, appeals the Circuit Court of Wayne County's July 16, 2012, order denying and dismissing his petition for writ of habeas corpus. Respondent David Ballard, by counsel Scott E. Johnson, filed his response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner pled guilty to murder in the first degree for the murder of Dennis "Denny" Isaacs and was adjudicated guilty based upon his own statements. Petitioner claims that he, Mr. Isaacs, and others were drinking alcohol together during the evening of May 18, 2005. He further claims that at some point during the evening, Mr. Isaacs sexually assaulted him, though he had no memory of the incident until the next day. Petitioner states that on May 19, 2005, he confronted Mr. Isaacs about the incident, and Mr. Isaacs responded by threatening to rape and/or kill petitioner's daughter if petitioner told anyone about the incident. Petitioner reportedly left the area where Mr. Isaacs was located before returning with a gun, shooting Mr. Isaacs in the head, and fleeing the scene. He turned himself in to law enforcement, and counsel was appointed.

Petitioner pled guilty to murder in the first degree. During the plea hearing, the circuit court asked petitioner if he had been treated or hospitalized for mental illness. Petitioner explained to the court that he first went to Prestera Center due to "real bad nerves. I don't know, I just felt depressed like. . . . the other times I was on drugs, and it was like – it was drugs and my nerves, too, but they mostly treated me for my drug problem." Petitioner also informed the court that he was suicidal in 2004 and had been hospitalized a few days later. Other than those hospitalizations, petitioner denied hospitalizations for mental illness or disability. Petitioner also denied any treatment for alcohol addiction but admitted to drug treatment in the mid 1990's. He also admitted taking Seroquel and Lexapro for "nerves and depression," but he claimed those

1

medications did not alter his ability to think. It is undisputed that petitioner informed his counsel that he had been treated for mental illness. There was no mental evaluation performed following the arrest, and petitioner entered into a plea agreement whereby he pled guilty to first degree murder. He was sentenced to life without mercy, and his direct appeals filed in 2006 and 2007 were denied.

Petitioner filed his petition for writ of habeas corpus on July 23, 2009, alleging ineffective assistance of counsel. There were two omnibus hearings held, the first on November 21, 2011, and the second on April 18, 2012. At the first habeas hearing, a staff psychiatrist from Prestera Center testified that she sent a letter to petitioner's counsel on December 8, 2005, but that counsel never contacted her. That letter stated that petitioner requires medication to control the voices he hears, and that he had ideations of committing suicide and crying spells. The letter continued by stating that if petitioner takes his medicine regularly, his mood is much improved, he is not as sad, and he is able to function well in the community setting and in his daily living routine. She testified at the habeas hearing that she believed petitioner should have been able to understand the court proceedings in 2005.

Trial counsel also testified at the habeas hearing. He stated that petitioner expressed concern about the impact of a trial on his family. Counsel informed petitioner that a voluntary intoxication defense was a difficult defense, especially with a jury. Counsel also testified that a "surge of anger" would not constitute a defense since the alleged assault occurred in a separate location, approximately twelve to sixteen hours before the shooting. The court entered its "Opinion Order Denying Writ of Habeas Corpus Following Omnibus Hearing" on July 16, 2012.[1] In its order, the court found that petitioner "gambled on receiving mercy from the court[. . ., but he] was informed of what possible sentences the Court could impose and he responded that he understood this." The court also found that while petitioner was aware that mercy was possible, he was fully aware that a harsher sentence was possible. In the discussion section of the order, the court stated that petitioner could not demonstrate that counsel was deficient in some way, as the court's denial of mercy was based on petitioner's past criminal record, specifically a prior felony conviction involving petitioner shooting another person.

Petitioner asserts a single assignment of error in his appeal. He claims that his counsel was ineffective because counsel neither fully investigated petitioner's history of psychiatric problems nor offered them in mitigation at sentencing. In response, respondent argues that counsel did not fall below a reasonable standard of professional competency in failing to raise the issue of petitioner's competency. In order to satisfy the "prejudice" requirement under these circumstances, petitioner must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. The circuit court made detailed findings of fact with regard to counsel's efforts in this regard, as well as petitioner's knowledge and actions in entering his plea. Moreover, under any allegation of ineffective assistance of counsel here, the second part of the test of *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995), petitioner cannot meet his burden that the outcome of this matter would

---

[1]It appears there was an error on the judge's signature page, as it shows an entered date of July 16, 2010. However, the hearings were not held until after that date, and the first page of the order shows that it was entered on July 16, 2012.

have been different. The circuit court properly analyzed a number of reasons why petitioner could not satisfy this standard, not the least of which was the fact that petitioner was found by the circuit court to be competent, so he has suffered no prejudice.

Having reviewed the circuit court's well-reasoned "Opinion Order Denying Writ of Habeas Corpus Following Omnibus Hearing" entered on July 16, 2012, we hereby adopt and incorporate the circuit court's well-reasoned findings and conclusions as to the assignments of error raised in this appeal. The Clerk is directed to attach a copy of the circuit court's order to this memorandum decision.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** June 7, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

12-0941
MD attached

# IN THE CIRCUIT COURT OF WAYNE COUNTY, WEST VIRGINIA

ENTERED

JUL 16 2012

CIVIL ORDER
BOOK 120 PAGE 82

**ANDREW SCOTT PERRY,**

     Petitioner,

v.

|  |  |
|---|---|
| Civil Action No.: | 10-C-178 |
| Circuit Court Judge: | Darrell Pratt |

**DAVID BALLARD,**
Warden,

     Respondent.

## OPINION ORDER DENYING WRIT OF HABEAS CORPUS FOLLOWING OMNIBUS HEARING

This matter came before the Court on the Petition for post-conviction habeas corpus relief and Memorandum of Law in Support filed by the Petitioner, by counsel, Courtenay Craig, on the 3rd day of August, 2010. Furthermore, the Petitioner, by counsel on the 23rd day of July, 2010, filed a completed *Losh* List.

All preliminary matters having been concluded, an Omnibus/Evidentiary Hearing was held before the Court on the 21st day of November, 2011. The Petitioner appeared in person and by counsel, Courtenay Craig, and the Respondent appeared by counsel, Scott Maddox, the assistant Prosecuting Attorney of Wayne County, West Virginia. The parties presented evidence by witness testimony and counsel presented arguments regarding the parties' contentions. That hearing was continued to the 23rd day of January, 2012. Upon motion of Petitioner that hearing was continued to the 12th day of April, 2012, and further, to the 18th day of April 2012, due to scheduling conflicts. The continued Omnibus/Evidentiary Hearing was held before the Court on

the 18th day of April, 2012. The Petitioner appeared in person and by counsel, Courtenay Craig, and the Respondent appeared by counsel, Scott Maddox, the assistant Prosecuting Attorney of Wayne County, West Virginia. The parties presented evidence by witness testimony and counsel presented arguments regarding the parties' contentions. After carefully considering the evidence and arguments presented, the Petitioner's petitions, other relevant filings, and the record of the Petitioner's trial, and after consulting pertinent legal authority, for reasons explained in the following Opinion the Court has concluded the Petitioner has failed to establish a basis for the relief requested in his Petition; and the Petitioner's prayer for relief is **DENIED**.

## Opinion

### Factual and Procedural Background

On the 21st day of May, 2005, the Petitioner was charged with violating West Virginia Code § 61-2-1. (*State v. Perry*, 05-F-042). On May 23, 2005, the Petitioner was appointed Darren Queen as counsel from the Public Defender Corporation. On the 5th day of July, 2005, the Petitioner was indicted by a Wayne County Grand Jury on One Count of Murder in the First Degree in violation of West Virginia Code § 61-2-1. (*State v. Perry*, 05-F-042). On the 4th day of October, 2005, the Petitioner entered a plea to the single count of Murder in the First Degree. At the plea hearing conducted on the 4th day of October, 2005, the Petitioner signed a notarized Defendant's Statement in Support of Guilty Plea. At the plea hearing conducted on the 4th day of October, 2005, the Court explained fully to the Petitioner his rights and what rights he would be waiving at this time. At the conclusion of the hearing the Court adjudged the Petitioner guilty of Murder in the First Degree in violation of West Virginia Code § 61-2-1 upon the Petitioner's own statements. On December 16, 2005, the Petitioner appeared before the Court for sentencing.

At that time the Court sentenced the Petitioner to confinement in the penitentiary of this State for a full period and term for the remainder of his natural life, without a recommendation of mercy and without the possibility of parole. (*State v. Perry*, 05-F-042).

On the 9th day of January, 2006, the Petitioner filed Defendant's Notice of Intent to Appeal. On the 11th day of January, 2006, the Petitioner, as Defendant, moved this Court for a court order appointing new counsel. On the 11th day of January, 2011, this Court granted that motion and appointed Susan Breece as counsel.

On the 1st of August, 2006, the Petitioner filed his Petition for Appeal from a judgment of the Circuit Court of Wayne County, rendered on the 19th day of December, 2005, with the Supreme Court of West Virginian [Supreme Court]. The Supreme Court refused that Petition for Appeal on the 1st day of August, 2006.

On the 3rd day of August, 2010, the Petitioner, by counsel A. Courtenay Craig, filed his Petition for Writ of Habeas Corpus which gave rise to this current cause of action. (*Perry v. Ballard*, 10-C-178). After a period to allow filings by the parties in the matter the Court conducted an Omnibus/Evidentiary Hearing on the 21st day of November, 2011. A second Omnibus/Evidentiary Hearing was held before the Court on the 18th day of April, 2012, due to the first Hearing being continued.

On the 23rd day of July, 2010, the Petitioner, by counsel A. Courtenay Craig, filed a Habeas Corpus Notification Form (*Losh* List).

## Petitioner's Grounds for Habeas Relief

In determining the Petitioner's prayer for relief the Court has examined all grounds for relief put forward by the Petitioner.

## Applicable Burden of Proof

The Petitioner in a petition for habeas relief has the "burden of proving by a preponderance of the evidence the allegations contained in this petition or affidavit which would warrant his release." Syl. pt. 1, *State ex rel. Scott v. Boles*, 150 W.Va. 453 (1986).

## Ground 1 (*Losh* List # 21) – Ineffective Assistance of Counsel

### Conclusion of Law

The Court, upon examination of the felony file, habeas corpus file, and upon the taking of evidence at the hearing, find that for the reasons set forth below that Paragraph 7 of Petitioner's Petition for Writ of Habeas Corpus and Ground 21 of the Habeas Corpus Notification Form are without merit and are therefore **DENIED**.

### Authority of Law

In the State of West Virginia, claims of ineffective assistance of counsel are evaluated by the standards set forth in *State v. Miller*. In *Miller*, the Supreme Court of Appeals of West Virginia established the following test which was based upon the United States Supreme Court's ruling in *Strickland v. Washington*, 466 U.S. 668 (1984): "(1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the results of the proceedings would have been different." Syl. Pt. 5, *State v. Miller*, 194 W.Va. 3 (1995). "'Where a counsel's performance, attacked as ineffective, arises from occurrences involving strategy, tactics and arguable courses of action, his conduct will be deemed effectively assistive of his client's interests, unless no reasonably qualified defense attorney would have so acted in the defense of an accused.'" Syl. Pt. 2, *State v. Thomas*, 157 W.Va. 640 (1974)." Syl. Pt. 3, *State v. Frye*, 221 W.Va. 154 (2006).

BOOK /20

PAGE 85

67

Additionally, the Supreme Court of Appeals of West Virginia stated, "[i]n reviewing counsel's performance, courts must apply an objective standard and determine whether, in light of all the circumstances, the identified acts or omissions were outside the broad range of professionally competent assistance while at the same time refraining from engaging in hindsight or second-guessing of trial counsel's strategic decisions. Thus, a reviewing court asks whether a reasonable lawyer would have acted, under the circumstances, as defense counsel acted in the case at issue." Syl. Pt. 6, *State v. Miller*, 194 W.Va. 3 (1995).

Because Petitioner pleaded guilty, the standard set forth in *Vernatter v. Warden, West Virginia Penitentiary*, 528 S.E.2d 207 (1999) applies. In *Vernatter*, the Court stated, "The second 'prejudice' requirement of the *Strickland/Miller* test to determine whether counsel was ineffective looks to whether counsel's deficient performance adversely affected the outcome in a given case. A modified prejudice standard applies in cases where a conviction rests upon a plea of guilty. In these circumstances, the prejudice element focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome. While the prejudice requirement focuses on a subjective question, the answer to that question must be reached through objective analysis." *Id.* The Court further stated, "Counsel are under an obligation to undertake reasonable pre-trial investigations of possible mental defenses where there are indications that a defendant suffers from a significant mental defect." *Id.* Further still, the *Vernatter* Court stated, "A lawyer is not entitled to rely on his own belief about a defendant's mental condition, but instead must make a reasonable

BOOK 120
PAGE 86

68

investigation." *Vernatter v. Warden, West Virginia Penitentiary*, 528 S.E.2d 207 (1999) (citing *Becton v. Barnett*, 920 F.2d 1190 (4th Cir. 1990)).

## Finding of Fact

. Mr. Queen became the Petitioner's attorney on the underlying indictment in late May of 2005. On May 25, 2005, Mr. Queen first met with Petitioner at the Western Regional Jail. Mr. Queen was present at and represented the Petitioner at the preliminary hearing. Based on Petitioner's request to spare his family the ordeal of a trial, Mr. Queen and the State then proceeded to negotiate a plea for the Petitioner. Subsequently, the Petitioner decided to plead guilty and a plea hearing was scheduled for October 4, 2005. On October 4, 2005, the Petitioner was given a full and fair hearing where he was made aware of what he was being charged with and what the possible sentences were. The Court then proceeded to question the Petitioner as to the voluntary nature of his plea; the lack of coercion in inducing the plea; the fact that the Petitioner was not promised any certain sentence by the Court, his attorney, or the state; that there was a factual basis to the charges in which he was pleading; and whether any evidence was inadmissible and the process for challenging such evidence. After being informed of his rights and ensuring the voluntary nature of his plea the Court accepted his plea on one count of Murder in the First Degree. At the conclusion of the plea hearing the Petitioner submitted, and the Court accepted, the Defendant's Statement in Support of Guilty Plea. The Court also accepted the Attorney's Statement in Support of Guilty Plea submitted by Mr. Queen. (*State v. Perry*, 05-F-042).

BOOK /20

PAGE 87

## Discussion

Petitioner asserts in his Petition for Writ of Habeas Corpus that his right to effective assistance of counsel was violated by his attorney's failure to investigate his past severe mental conditions. The Petitioner makes two main allegations of ineffective assistance of counsel. The Petitioner's contentions based upon ineffective assistance of counsel are as follows: 1) Petitioner asserts his counsel's representation was unreasonable and deficient and, as a result thereof, the Petitioner's defense was prejudiced in that he was not able to evaluate his ability to put forth a mental defense of either insanity or diminished capacity; 2) Petitioner further asserts that had he been adequately represented, he would not have pleaded guilty but would have insisted on going to trial. (*Perry v. Ballard* - Memorandum of Law in Support of Habeas Petition, 10-C-178). The majority of Petitioner's *Losh* grounds are directly implicated by his allegations of ineffective assistance of counsel. For the sake of clarity, the Court will address each allegation individually.

### 1. *Petitioner's defense was unreasonable and deficient and the Petitioner's defense was prejudiced in that he was not able to evaluate his ability to put forth a mental defense of either insanity or diminished capacity*

Petitioner alleges that counsel did not make a reasonable investigation of Petitioner's mental health issues. Under the *Miller* test, to prevail on ineffective assistance of counsel the Petitioner must prove that Mr. Queen's performance on this issue was deficient under an objective standard of reasonableness. A review of the entire records shows Mr. Queen's actions to be more than reasonable, and further, the result of reasonable trial strategy in asking the Court for mercy (Transcript of Plea Hearing – October 4, 2005, Page 32).[1]

Petitioner described in detail how he planned and killed Dennis Isaac, showing pre-meditation and deliberation. (*Id.*, Pages 26-30). The Court asked about possible defenses, and

---

[1] The front of the transcript was mislabeled as October 10, 2005. However the plea hearing was held on October 4, 2005, and will be referred to as such in this Order.

Petitioner's mental health history and records were discussed (*Id.*, Pages 33-36). Upon questioning by the Court, Petitioner testified that a mental health defense had been discussed (*Id.*, Page 35), that Petitioner and trial counsel looked at the mental health records together (*Id.*, Page 36), that Petitioner knew what he was doing on the night of the murder (*Id.*, Page 36), and that the records did not contain anything that would show lack of competence on the part of Petitioner (*Id.*, Page 36). Therefore, the Court is of the opinion that the Petitioner has not proved by a preponderance of the evidence that Mr. Queen did not meet the standards of a reasonably competent attorney in conducting his investigation into Petitioner's mental health history; accordingly the Petitioner's prayer for relief based upon his contention that his trial counsel was ineffective because of a lack of a reasonable investigation into his mental health history is **DENIED**.

### 2. *Had Petitioner been adequately represented, he would not have pleaded guilty but would have insisted on going to trial*

Even if the Court would find that trial counsel did not adequately investigate Petitioner's mental health history, Petitioner cannot meet the second part of the *Miller* test since there is no indication that the outcome would have been different. At the plea hearing, Petitioner indicated that he wanted to "take responsibility for what [he'd] done" (Transcript of Plea Hearing – October 4, 2005, Page 40). Further, the Petitioner testified that he ultimately made the decision to plead guilty (*Id.*, Page 40), was satisfied with his decision (*Id.*, Page 40), that there had been nothing that Petitioner asked Mr. Queen to do that he was not willing to do (*Id.*, Page 40), and that Petitioner had no complaints whatsoever with Mr. Queen as his lawyer (*Id.*, Page 40). Further, when testifying at the November 21, 2011, Omnibus Hearing, Dr. Razavipour, one of Petitioner's treating psychiatrists at Prestera Center, was questioned as to whether Petitioner could have understood the court proceedings back in 2005 and 2006, and responded, "I think so."

(Transcript of Omnibus Hearing – November 21, 2011, Page 28. Lns 4-7). Therefore, the Court is of the opinion that the Petitioner has not proved by a preponderance of the evidence that the result in the case would have been different on the supposition that trial counsel was somehow derelict in his duty to effectively assist his client; accordingly the Petitioner's prayer for relief based upon his contention that his trial counsel was ineffective because he did not adequately represent the Petitioner is **DENIED**.

## Ground 2 (*Losh* List # 6) – Involuntary Guilty Plea

### Conclusion of Law

Upon examination of the felony file, habeas corpus file, and upon the taking of evidence at the hearings, this Court finds that, for the reasons set forth below, Ground 1 (*Losh* List # 6) of the Habeas Corpus Notification Form is without merit and is therefore **DENIED**.

### Authority of Law

In *State v. Greene*, the West Virginia Supreme Court stated that, "in the absence of special circumstances, a guilty plea waives all antecedent and statutory violations save those with jurisdictional consequences." *State v. Greene*, 196 W.Va. 500 (1996).

Additionally, the Supreme Court's decision in *Bennett* also includes the voluntary nature of the plea as an area that is not waived. *State v. Bennett*, 179 W.Va. 464 (1988).

The Supreme Court, in *Riley*, gave the circuit courts the following guidance in accepting pleas: "When a conviction rests upon the plea of guilty, the record must affirmatively show that the plea was intelligently and voluntarily made with an awareness of the nature of the charge to which the plea is offered and the consequences of the plea. Syl. Pt. 1, *Riley v. Ziegler*, 161 W.Va. 290 (1978).

## Finding of Fact

The Petitioner marked Ground 6 on his July 23, 2010, Habeas Corpus Notification Form, but did not expound upon the issue in his Petition for Writ of Habeas Corpus or supporting Memorandum of Law beyond its relation to Ineffective Assistance of Counsel. At the April 18, 2012, Omnibus/Evidentiary Hearing, the Petitioner testified that he discussed with his attorney, Darren Queen, the possibility of withdrawing his guilty plea (Omnibus Hearing Transcript – April 18, 2012, Page. 13, Lines 10-12; Page 14, Lines 6-20). Petitioner claims that Mr. Queen became irate when Petitioner spoke of withdrawing his guilty plea (*Id.* at Page 15, Lines 2-7). However, as previously discussed in this Order, the transcript of the plea hearing tells a different story.

## Discussion

Petitioner is now claiming that he was not happy with his plea and that he attempted to withdraw his plea to no avail. However, from a review of the record, Petitioner actually insisted on pleading guilty after significant discussions with his counsel, as outlined above in the discussion of Ground 1. The Petitioner's real complaint is the result of his plea—life without mercy. Petitioner confirmed as much in his testimony at the April 18, 2012 Omnibus Hearing:

> But I did not know I was going to get *life without* taking a plea. I
> mean, who in the world would—I mean, you'd be better off just
> going to trial. I mean, then, you know, if you get *life without*
> taking a trial at least you have witnesses and chances.
>
> (Omnibus Hearing Transcript – April 18, 2012, Page 26, Lines 4-8 emphasis
> added).

Our courts do not allow a do-over when a Defendant rolls the dice on a plea and ends up with a less than desirable outcome at sentencing. Furthermore, the Court, in compliance with *Riley*, in accepting the Petitioner's plea gave him a full and fair hearing. At this hearing, the Court

BOOK _126_

PAGE _91_

addressed all issues of the voluntariness of his plea including: lack of coercion in inducing the plea; no promises to a specific sentence; his understanding of sentencing options; that there was sufficient evidence for a factual basis to his plea; and questions of inadmissible evidence, and his right to challenge that admissibility. Furthermore, he was advised of the rights he was waiving. Therefore, the Petitioner's contention of an involuntary guilty plea is **DENIED**.

### Ground 3 (*Losh* List # 7) – Mental Capacity at Time of Crime

### Conclusion of Law

The Court upon examination of the felony file, habeas corpus files, and upon the taking of evidence at the hearing finds that for the reasons set forth below Ground 3 (*Losh* List # 7) is without merit and is, therefore, **DENIED**.

### Finding of Fact/Discussion

This ground more properly fits under Ground 1, Ineffective Assistance of Counsel. Petitioner alleges that trial counsel should have conducted a more thorough review of Petitioner's mental health records and that failure to do so prejudiced the Petitioner. As discussed above, Mr. Queen and Petitioner discussed Petitioner's mental health and reviewed mental health records. Petitioner ultimately chose to plead guilty. The Petitioner also ignores the fact that by entering into a plea agreement, and entering a plea before the Court, that he is waiving all pretrial defects and defenses. The Court reviewed this with the Petitioner at length at the plea hearing and was satisfied with the Petitioner's answers and responses to the Court's questions. It is clear to this Court that the Petitioner knew what he was doing at the time of the commission of the crime based on his testimony which showed pre-meditation and deliberation. Thus, the Petitioner has failed to allege any facts that show his counsel was deficient.

BOOK 120
PAGE 92

Accordingly, the Petitioner has failed to meet his burden and his prayer for relief based on his mental capacity at the time of the crime is **DENIED**.

### Ground 4 (*Losh* List # 8) – Mental Capacity at Time of Trial

#### Conclusion of Law

The Court upon examination of the felony file, habeas corpus files, and upon the taking of evidence at the hearing finds that for the reasons set forth below Ground 4 (*Losh* List # 8) is without merit and is, therefore, **DENIED**.

#### Finding of Fact/Discussion

This ground more properly fits under Ground 1, Ineffective Assistance of Counsel. Petitioner alleges that trial counsel should have conducted a more thorough review of Petitioner's mental health records and that failure to do so prejudiced the Petitioner. As discussed above, Mr. Queen and Petitioner discussed Petitioner's mental health and reviewed mental health records. Petitioner ultimately chose to plead guilty. The Court thoroughly reviewed the plea agreement and spoke with Petitioner at length at the plea hearing and was satisfied with the Petitioner's answers and responses to the Court's questions. It is clear to this Court that the Petitioner knew what he was doing, that he understood the nature of the proceedings and the charges against him, as well as the consequences and benefits of entering in the plea agreement with the State. Further, Dr. Razavipour testified at the Omnibus Hearing that Petitioner could have understood the court proceedings in 2005 and 2006 based on her review of his mental health records. Thus, the Petitioner has failed to allege any facts that show his counsel was deficient. Accordingly, the Petitioner has failed to meet his burden and his prayer for relief based on his mental capacity at the time of the trial is **DENIED**.

## Ground 5 (*Losh* List # 9) – Incapacity to Stand Trial Due to Drug Use

### Conclusion of Law

The Court upon examination of the felony file, habeas corpus files, and upon the taking of evidence at the hearing finds that for the reasons set forth below Ground 5 (*Losh* List # 9) is without merit and is, therefore, **DENIED**.

### Finding of Fact/Discussion

This ground more properly fits under Ground 1, Ineffective Assistance of Counsel. Petitioner alleges that trial counsel should have conducted a more thorough review of Petitioner's mental health records and that failure to do so prejudiced the Petitioner. It is presumably alleged that a more thorough review of Petitioner's mental health records would have revealed an extensive history of drug abuse and use of prescription medication. As discussed above, Mr. Queen and Petitioner discussed Petitioner's mental health and reviewed mental health records. Petitioner ultimately chose to plead guilty. The Petitioner also ignores the fact that by entering into a plea agreement, and entering a plea before the Court, that he is waiving all pretrial defects and defenses. The Court reviewed this with the Petitioner at length at the plea hearing and was satisfied with the Petitioner's answers and responses to the Court's questions. It is clear to this Court that the Petitioner knew what he was doing, that he understood the nature of the proceedings and the charges against him, as well as the consequences and benefits of entering in the plea agreement with the State. Further, Dr. Razavipour testified at the Omnibus Hearing that Petitioner could have understood the court proceedings in 2005 and 2006 based on her review of his mental health records. Still further, the Court discussed drug use with the Petitioner and his counsel during his plea hearing and if his prescription drugs altered his

BOOK _120_
PAGE _94_

76

perception (Transcript of Plea Hearing – October 4, 2005, Pages 19-23). Thus, the Petitioner has failed to allege any facts that show his counsel was deficient. Accordingly, the Petitioner has failed to meet his burden and his prayer for relief based on his mental capacity at the time of the trial is **DENIED**.

### Ground 6 (*Losh* List # 34) – Refusal to Subpoena Witnesses

### Conclusion of Law

The Court upon examination of the felony file, habeas corpus files, and upon the taking of evidence at the hearing finds that for the reasons set forth below Ground 6 (*Losh* List # 34) is without merit and is, therefore, **DENIED**.

### Finding of Fact/Discussion

This ground more properly fits under Ground 1, Ineffective Assistance of Counsel. Petitioner alleges that trial counsel should have subpoenaed certain witnesses and that failure to do so prejudiced the Petitioner. Presumably, Petitioner feels that the failure of trial counsel to subpoena certain witnesses prevented him a fair trial. As discussed above, Mr. Queen and Petitioner discussed Petitioner's mental health and reviewed mental health records. Petitioner ultimately chose to plead guilty. The Petitioner also ignores the fact that by entering into a plea agreement, and entering a plea before the Court, that he is waiving all pretrial defects and defenses. The Court reviewed this with the Petitioner at length at the plea hearing and was satisfied with the Petitioner's answers and responses to the Court's questions. It is clear to this Court that the Petitioner knew what he was doing, that he understood the nature of the proceedings and the charges against him, as well as the consequences and benefits of entering in

BOOK 120
PAGE 95

the plea agreement with the State. Further, Petitioner was questioned by the Court at his plea hearing at to the possibility of calling witnesses at trial which might affect his possible sentence and Petitioner agreed that he did not see any benefit in putting that evidence in front of a jury (Plea Hearing – October 4, 2005, Page 38-39). Thus, the Petitioner has failed to allege any facts that show his counsel was deficient. Accordingly, the Petitioner has failed to meet his burden and his prayer for relief based on the refusal of his counsel to subpoena witnesses is **DENIED**.

### Ground 7 (*Losh* List # 39) – Incompetence at Time of Offense

#### Conclusion of Law

The Court upon examination of the felony file, habeas corpus files, and upon the taking of evidence at the hearing finds that for the reasons set forth below Ground 7 (*Losh* List # 39) is without merit and is, therefore, **DENIED**.

#### Finding of Fact/Discussion

This ground more properly fits under Ground 1, Ineffective Assistance of Counsel. Petitioner alleges that trial counsel should have further investigated the competency of Petitioner. Presumably, Petitioner feels that the failure of trial counsel to further investigate the competency of Petitioner prejudiced him in some way. As discussed above, Mr. Queen and Petitioner discussed Petitioner's mental health and reviewed mental health records. Petitioner ultimately chose to plead guilty. The Petitioner also ignores the fact that by entering into a plea agreement, and entering a plea before the Court, that he is waiving all pretrial defects and defenses. The Court reviewed this with the Petitioner at length at the plea hearing and was satisfied with the Petitioner's answers and responses to the Court's questions. It is clear to this Court that the Petitioner knew what he was doing, that he understood the nature of the proceedings and the

BOOK 126
PAGE 96

78

charges against him, as well as the consequences and benefits of entering in the plea agreement with the State. Thus, the Petitioner has failed to allege any facts that show his counsel was deficient. Accordingly, the Petitioner has failed to meet his burden and his prayer for relief based on incompetency at time of offense is **DENIED**.

### Ground 8 (*Losh* List # 50) – Severer Sentence than Expected

### Conclusion of Law

The Court upon examination of the felony file, habeas corpus files, and upon the taking of evidence at the hearing finds that for the reasons set forth below Ground 9 (*Losh* List # 50) is without merit and is, therefore, **DENIED**.

### Legal Authority

The Supreme Court of Appeals of West Virginia in *Farmer* committed itself to the rule that "the length of sentence of a prisoner cannot be inquired into upon writ of habeas corpus, provided the trial court had jurisdiction to impose the same." *Ex parte Farmer*, 123 W.Va. 304 (1941). The Supreme Court has given prisoners an avenue to attack sentences in a habeas proceeding, but the means to do so are extremely limited. In *Browning*, the Supreme Court stated, "[I]f a sentence of imprisonment under which a person is confined is void, in whole or in part, it may be reached and controlled in a habeas proceeding." *State of West Virginia ex rel. Denny J. Browning v. E.H. Tucker, Warden, etc.*, 142 W.Va. 830 (1957).

### Finding of Fact

As mentioned previously, Petitioner gambled on receiving mercy from the court. Nothing stated by the Petitioner or Petitioner's counsel alleges that the Court did not have jurisdiction to impose the sentence that the Petitioner is serving. Additionally, the Petitioner was

given a full and fair hearing at the time of his plea and sentencing. He was informed of what possible sentences the Court could impose and he responded that he understood this. The Court also questioned the Petitioner if any sentence had been promised to him in return for his guilty plea and to this he responded in the negative. At the time of sentencing, the Petitioner's counsel did move the Court for mercy, but the Court found the motion without merit and denied it.

### Discussion

Case law in West Virginia severely limits the grounds on which a criminal defendant may attack a sentence. The main reasons are that the trial court did not have jurisdiction to impose the sentence and that the sentence was void. In the present case the Petitioner has failed to allege any defects in the sentence prescribed by the Court. The most he was able to aver is that he thought he would receive mercy. The Petitioner's sentence is within the limits set forth by statute and the Court clearly had jurisdiction to render the sentence in the manner that it did. The Petitioner had a previous violent felony out of Logan County which is the main reason Petitioner did not receive mercy in the conviction at issue here. Accordingly, the Petitioner has failed to meet his burden and his prayer for relief based upon a severer sentence than expected is **DENIED**.

### Ground 9 (*Losh* List # 51) – Excessive Sentence

### Conclusion of Law

The Court upon examination of the felony file, habeas corpus files, and upon the taking of evidence at the hearing finds that for the reasons set forth below Ground 9 (*Losh* List # 51) is without merit and is, therefore, **DENIED**.

80

## Legal Authority

The Supreme Court of Appeals of West Virginia in Farmer committed itself to the rule that "the length of sentence of a prisoner cannot be inquired into upon writ of habeas corpus, provided the trial court had jurisdiction to impose the same." *Ex parte Farmer*, 123 W.Va. 304 (1941). The Supreme Court has given prisoners an avenue to attack sentences in a habeas proceeding, but the means to do so are extremely limited. In Browning, the Supreme Court stated, "[I]f a sentence of imprisonment under which a person is confined is void, in whole or in part, it may be reached and controlled in a habeas proceeding." *State of West Virginia ex rel. Denny J. Browning v. E.H. Tucker, Warden, etc.*, 142 W.Va. 830 (1957).

## Finding of Fact

As mentioned previously, Petitioner gambled on receiving mercy from the court. Nothing stated by the Petitioner or Petitioner's counsel alleges that the Court did not have jurisdiction to impose the sentence that the Petitioner is serving. Additionally, the Petitioner was given a full and fair hearing at the time of his plea and sentencing. He was informed of what possible sentences the Court could impose and he responded that he understood this. The Court also questioned the Petitioner if any sentence had been promised to him in return for his guilty plea and to this he responded in the negative. At the time of sentencing, the Petitioner's counsel did move the Court for mercy, but the Court found the motion without merit and denied it.

## Discussion

Case law in West Virginia severely limits the grounds on which a criminal defendant may attack a sentence. The main reasons are that the trial court did not have jurisdiction to impose the sentence and that the sentence was void. In the present case the Petitioner has failed to allege

any defects in the sentence prescribed by the Court. The most he was able to aver is that he thought he would receive mercy. The Petitioner's sentence is within the limits set forth by statute and the Court clearly had jurisdiction to render the sentence in the manner that it did. The Petitioner had a previous violent felony out of Logan County which is the main reason Petitioner did not receive mercy in the conviction at issue here. Accordingly, the Petitioner has failed to meet his burden and his prayer for relief based upon excessive sentence is **DENIED**.

### Ground 10 (*Losh* List # 52) – Mistaken Advice of Counsel as to Plea or Parole Eligibility

### Conclusion of Law

The Court upon examination of the felony file, habeas corpus file, and upon the taking of evidence at hearing finds that for the reasons set forth below Ground 10 (*Losh* List # 52) is without merit and is, therefore, **DENIED**.

### Legal Authority

The United States Fourth Circuit Court of Appeals has taken up this precise issue and since the Supreme Court of West Virginia has yet to be presented with this issue on appeal the Court has turned there for guidance. The Fourth Circuit in *U.S. v. Mooney* stated, "The issue presented is whether representation provided to Mooney by his counsel when Mooney pleaded guilty 'fell below an objective standard of reasonableness,' *Strickland*, 466 U.S. at 687-88 (1984), and whether, 'but four counsel's errors, [Mooney] would not have pleaded guilty and would have insisted on going to trial,' *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)." *U.S. v. Mooney*, 497 F.3d 397 (2007). This standard essentially leaves the Court with a standard very much akin to the standard for ineffective assistance of counsel.

BOOK 120

PAGE 100

## Finding of Fact

As mentioned previously, Petitioner gambled on receiving mercy from the court. Additionally, the Petitioner was given a full and fair hearing at the time of his plea and sentencing. He was informed of what possible sentences the Court could impose and he responded that he understood this. The Court also questioned the Petitioner if any sentence had been promised to him in return for his guilty plea and to this he responded in the negative. Thus, despite the fact that he may have been told that mercy was possible, he was fully aware that a harsher sentence was just as possible.

## Discussion

The standard as explained in *Mooney* was announced in such a manner as to make both prongs a requirement. Before the Court can consider if the Petitioner would have entered a plea but for the advice of counsel, he must first demonstrate that counsel was deficient in some way. The Petitioner simply cannot meet this standard. Petitioner insisted from the beginning that he wanted to plead guilty. Both the Court and trial counsel informed Petitioner of possible sentencing on multiple occasions. The Court based its denial of mercy on Petitioner's past criminal record. Specifically, Petitioner had a prior felony conviction which involved Petitioner shooting another person. Thus, the Petitioner has failed to allege any facts that show his counsel was deficient and the Court need not address the second prong. Accordingly, the Petitioner has failed to meet his burden and his prayer for relief based upon mistaken advice of counsel as to parole or probation eligibility is **DENIED**.

BOOK 120

PAGE 101

23

### *Losh* Findings and Conclusions – Grounds for Relief Expressly Waived
### Omnibus Proceedings Findings and Conclusions

On the 21st day of November, 2011, and April 18, 2012, the Court conducted hearings to identify grounds for relief expressly waived by the Petitioner and to ensure the Petitioner understands the grounds not asserted in the proceeding with narrow exceptions, will be waived; and in accord with the requirements of R.H.C. 9(c)(3) and *Losh v. McKenzie*, 163 W.Va. 762 (1981), the Court made the findings of fact and conclusions of law which are set forth below. The Petitioner was present at both hearings and by counsel, Courtenay Craig, and the Respondent was present by Counsel, Scott Maddox, the Assistant Prosecuting Attorney of Wayne County.

### *Losh* Inquiries and Responses

The Court made the following inquiries of the Petitioner and the Petitioner's counsel:

1) Did the Petitioner and his Counsel discuss every potential ground for relief applicable to Petitioner's case? To this inquiry the Petitioner and his counsel each responded in the affirmative.

2) Did the Petitioner and his counsel discuss all grounds for relief on the *Losh* List? To this inquiry the Petitioner and his Counsel each responded in the affirmative.

3) Did the Petitioner and his counsel sign a copy of the *Losh* List upon which all grounds not initialed by the Petitioner were expressly waived? To this inquiry the Petitioner and the Petitioner's counsel each responded in the affirmative.

4) Did the Petitioner understand that with the limited waiver exceptions discussed with counsel, grounds for relief not asserted in this habeas corpus proceeding will be waived? To this inquiry the Petitioner responded in the affirmative.

BOOK _120_
PAGE _102_

## *Losh* Findings

Upon the foregoing inquiries and responses the Court finds:

1)  The Petitioner was advised by his counsel of all potential grounds for post-conviction habeas corpus relief.

2)  The Petitioner and his counsel discussed every potential ground for relief conceivably applicable to Petitioner's case.

3)  The Petitioner understands this Court's ruling in this proceeding will render a final decision that with only limited exceptions will bar all subsequent post-conviction habeas corpus claims by the Petitioner.

4)  The Petitioner has had a full and fair opportunity in this proceeding, with advice of counsel, to raise every potential ground for post-conviction habeas corpus relief conceivably applicable to Petitioner's case.

## Conclusion of Law

Upon the foregoing findings of fact the Court has concluded:

1)  The Petitioner has expressly waived all grounds for post-conviction habeas corpus relief not initialed by the Petitioner on the *Losh* List attached as an Appendix to this Opinion.

2)  The Petitioner's express waiver of the grounds for relief not initialed by the Petitioner on the *Losh* List attached as an Appendix to this Order was made knowingly, intelligently, and with the advice of counsel.

3)  The Petitioner has been afforded an omnibus habeas corpus proceeding which complies with the requirements of W.Va. Code § 53-4A-1 to -11 and Syllabus pt. 1, *Losh v. McKenzie*, 166 W.Va. 762 (1981).

BOOK 120
PAGE 103

## ORDERS

1. The Writ of Habeas Corpus sought by the Petitioner is **REFUSED**.

2. The *Losh* List filed in this matter is to be attached as an Appendix to this Opinion.

3. If the Petitioner desires to appeal this dismissal to the Supreme Court of Appeals and seeks leave to prosecute that appeal *in forma pauperis* and/or seeks the appointment of counsel, the Petitioner shall file with this Court a properly completed Notice of Intent to Appeal/Request for Appointment of Counsel form and a properly completed Application to Proceed *In Forma Pauperis* and Affidavit as set forth in Appendix B of the Rules Governing Post-Conviction Habeas Corpus Proceedings. These materials shall be filed with this Court no more than four (4) months after this Opinion is entered.

4. This is a Final Order. The Circuit Clerk shall remove this matter from the docket.

5. The Circuit Clerk shall provide attested copies of this Order to the Petitioner, the Respondent, and the Clerk of the Supreme Court of Appeals.

Enter this Order the 16 day of July, 2012.

_____
HONORABLE DARRELL PRATT

A COPY TESTE
Milton J. Ferguson, Clerk
By_____ Deputy

BOOK 120
PAGE 104